# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTT N. JAFFE, ) | |
| ) | |
| Debtor-Appellant, ) | No. 17 CV 4662 |
| ) | Judge John J. Tharp, Jr. |
| v. ) | |
| ) | (Bankruptcy Case 15 BK 39490) |
| LAVERNE WILLIAMS, ) | |
| ) | (Adversary Proceeding 16 AP 156) |
| Creditor-Appellee. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This is an appeal from a bankruptcy court order denying the debtor's motion to avoid a creditor's judgment lien on property that the debtor held with his wife on the petition date in tenancy by the entirety. Sections 522(b) and (f) of the bankruptcy code (11 U.S.C. § 522), in combination, permit a debtor to avoid a judgment lien for property held in tenancy by the entirety to the extent that that the tenancy interest is exempt from legal process under state law. In Illinois, tenants by the entirety also hold, in addition to their entirety interests, individual contingent future interests in the tenancy property. This case presents the questions of whether a judgment lien attaches to those contingent future interests and, if so, whether that lien may be avoided. The bankruptcy court denied the debtor's motion to avoid the creditor's lien, holding that—unlike the tenancy interest—contingent future interests are not exempt under § 522(b) and a lien on those interests may therefore not be avoided under § 522(f). This Court agrees with the bankruptcy court that the creditor's judgment lien attached to the debtor's contingent future interests in the property, but concludes that those contingent future interests—like the tenancy interests—are exempt under § 522(b)(3). The bankruptcy court's denial of the debtor's motion to avoid the creditor's judgment lien is therefore reversed.

## I. BACKGROUND

The facts are undisputed and are set forth in the bankruptcy court's order. Briefly, Appellant Scott Jaffe and his wife owned, as tenants by the entirety,[1] a residence in Highland Park, Illinois. In 2005, Appellee Laverne Williams obtained a judgment against Jaffe for $500,000 and recorded that judgment in Lake County, Illinois.

Jaffe filed a chapter 7 bankruptcy petition in 2015. His wife died about a year later, in November 2016. Jaffe subsequently moved to avoid Williams' judgment lien on the ground that the property was exempt from satisfaction of the judgment and the lien impaired that exemption. Conceding that the property was exempt when Jaffe filed his petition, Williams contested the motion by arguing that when he filed his petition, Jaffe also possessed contingent future interests in the property that were not subject to the tenancy by the entirety exemption. Williams maintained that her lien attached to those interests which, after Jaffe's wife died and the tenancy by the entirety ended, were no longer contingent.

The bankruptcy court agreed and denied Jaffe's motion to avoid Williams' judgment lien. Jaffe then filed a timely appeal. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).

## II. ANALYSIS

This case presents two interrelated questions of law: (1) whether a judgment lien attaches to contingent future interests in real property held in tenancy by the entirety when a bankruptcy

---

[1] "A tenancy by the entirety is a unique sort of concurrent ownership that can only exist between married persons. . . . Like joint tenants, tenants by the entirety enjoy the right of survivorship. Also like a joint tenancy, unilateral alienation of a spouse's interest in entireties property is typically not possible without severance. Unlike joint tenancies, however, tenancies by the entirety cannot easily be severed unilaterally. Typically, severance requires the consent of both spouses … or the ending of the marriage in divorce." *United States v. Craft*, 535 U.S. 274, 280–81 (2002) (internal citations omitted).

petition is filed; and (2) if so, whether such a lien may be avoided. The parties agree about everything of relevance to these questions except the answers.

Section 522 of the bankruptcy code permits debtors to exempt from the bankruptcy estate administration[2] certain property, including as relevant here "any interest in property in which the debtor had, immediately before the commencement of the [bankruptcy] case, an interest as a tenant by the entirety, … to the extent that such interest as a tenant by the entirety is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). The reference to applicable non-bankruptcy law takes us to section 12-112 of the Illinois Code of Civil Procedure, which provides in relevant part that "[a]ny real property … held in tenancy by the entirety shall not be liable to be sold upon judgment entered … against only one of the tenants …." 735 ILCS 5/12-112. In combination, these provisions preclude the sale in the bankruptcy case of property held by the debtor as of the petition date in tenancy by the entirety to satisfy a judgment lien entered against the debtor only.

Section 522 also provides that a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs[3] an exemption to which the debtor would have been entitled under [§ 522(b)]." 11 U.S.C. § 511(f)(1)(A). Judicial liens are

---

[2] Technically, all property of the debtor is included in the bankruptcy estate, including property held in tenancy by the entirety. *In re Hunter*, 970 F.2d 299, 302-03 (7th Cir. 1992). Exempt property, however, is not subject to administration or liquidation for the benefit of creditors. "Exempt property is removed from the estate, and so is retained by the debtor rather than being liquidated by the trustee." *In re Chinosorn*, 243 B.R. 688, 699 (Bankr. N.D. Ill.), *rev'd on other grounds,* 248 B.R. 324 (2000).

[3] A judicial lien "impairs" an exemption when "the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C.§ 522(f)(2)(A). There is no dispute about impairment in this case; the parties agree that Williams' lien (if it exists) impairs Jaffe's exemption (if it exists).

3

expressly identified as among the liens that may be avoided on this basis. *Id.* This is the provision on which Jaffe's motion to avoid Williams' judicial lien directly relies.

The parties agree that Williams' judgment, properly recorded, gave rise to a lien; they disagree, however, about the extent of that lien. Jaffe maintains that Williams' lien attached only to his interest in the property as a tenant by the entirety and that the express terms of § 522(b)(3) and § 12-112 exempt that property interest from the bankruptcy estate and allow him to avoid that lien under § 522(f). Williams is agnostic on whether she had a lien on Jaffe's interest in the property as a tenant by the entirety because she acknowledges, lien or no, she could not force a sale of the property itself while it was held in tenancy by the entirety.[4] Williams contends, however, that even if she has no lien as to Jaffe's tenancy by the entirety, she has a judgment lien as to Jaffe's contingent future interests in the property—that is, his future individual possessory interests in the property upon termination of the tenancy. Those interests, Williams maintains, are not exempt and therefore cannot be avoided under § 522(f). Jaffe, in turn, argues in the alternative that § 522(b) and § 12-112 permit him to avoid Williams' lien even if that lien also attached to his contingent future interests in the property.

---

[4] If Williams had no lien, she had no right to force a sale of the property and she acknowledges that if she had a lien on Jaffe's interest in the Highland Park residence as a tenant by the entirety, that interest was exempt from her judgment lien as long as the tenancy by the entirety continued. As Williams point out, there are divergent views in cases interpreting Illinois law as to whether a lien on property held in tenancy by the entirety arises from a judgment against one of the tenants. Some take the view that no lien arises because the property would be exempt from judgment; others maintain that a lien arises but is merely unenforceable by virtue of the exemption. *See* Appellee's Brief, ECF No. 18, at 3; *Chinosorn,* 243 B.R. at 694-95 (discussing the competing arguments); *In re Tolson,* 338 B.R. 359, 366 (Bankr. C.D. Ill. 2005) ("The difference between these opposing views concerns whether the lien attaches to the judgment debtor's interest in the real estate but cannot be presently enforced, or whether the judgment creditor's inability to enforce the lien defeats its validity."). For purposes of this case, however, the resolution of this question does not matter. As discussed further below, whether a lien arises as to Jaffe's interest in the property as a tenant by the entirety, the Court agrees with Williams that a lien arises as to Jaffe's contingent future interests in the property.

In Illinois, a tenancy in the entirety exists "only if, and as long as, the tenants are and remain married to each other," and only for as long as the married couple use the property as their "homestead." 765 ILCS 1005/1c. And because a tenancy by the entirety will inevitably terminate at some point, whether by reason of death, dissolution of the marriage, or some mutual decision of the tenants (such as changing their homestead), the statute creating tenancy by the entirety also describes the interests that the tenants will hold when the tenancy by the entirety ends, such as "(a) an interest as a tenant in common in the event of divorce, (b) an interest as a joint tenant in the event that another homestead is established, and (c) a survivorship interest in the entire property in the event of the other tenant's death." *In re Chinosorn*, 243 B.R. 688, 695 (Bankr. N.D. Ill.), *rev'd on other grounds,* 248 B.R. 324 (2000); 765 ILCS 1005/1c. In this case, the survivorship interest is front and center, because Jaffe's tenancy by the entirety interest terminated with his wife's passing. The statute providing for tenancy by the entirety expressly holds that "upon the death of either such tenant the survivor shall retain the entire estate." *Id.* That is to say that upon the death of one of the tenants by the entirety, the fee simple interest in the property passes from the entirety to the surviving spouse.

"The contingent right of survivorship of each entireties tenant is a present property right to which a judgment lien extends." *In re Tolson*, 338 B.R. 359, 367 (Bankr. C.D. Ill. 2005). Judge Wedoff provided the foundation for this conclusion in *Chinosorn*:

> [U]nder the language of the relevant Illinois statutes, a judgment against an individual owning property as a tenant by the entirety, when properly recorded, appears to give rise to a lien, not against the entirety property itself, but rather against the individual tenant's contingent future interests.
>
> The basic provision establishing judgment liens in Illinois is 735 ILCS 5/12–101, which provides that "a judgment ... is a lien on the real estate of the person against whom it is entered ... from the time

5

> ... a memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located."[5] For purposes of such judgment liens, "real estate" is broadly defined by 735 ILCS 5/12–105 to include "lands, tenements, hereditaments, and *all legal and equitable rights therein,* including estates for the life of the debtor or of another person" (emphasis added), so that all of the interests of a tenant by the entirety are within the "real estate" subject to judgment liens. The rights of an individual tenant by the entirety plainly include more than an undivided fee simple interest in the property with the other spouse. These rights include (1) a present interest in any rents or other income from the property (which the Illinois statute expressly makes subject to garnishment to satisfy the judgment of a creditor of only one tenant), and (2) several different types of contingent future interests, including (a) an interest as a tenant in common in the event of divorce, (b) an interest as a joint tenant in the event that another homestead is established, and (c) a survivorship interest in the entire property in the event of the other tenant's death.

*Chinosorn*, 243 B.R. at 695. Judge Wedoff's analysis on this point was, strictly speaking, dicta,[5] but it is persuasive and was subsequently adopted by the bankruptcy courts in *Tolson* and *In re Yotis*, 518 B.R. 481 (Bankr. N.D. Ill. 2014), both of which held that judgment liens attach to the contingent future interests of tenants by the entirety. *See In re Tolson,* 338 B.R. at 367-368; *In re Yotis,* 518 B.R. at 488 (a "judgment lien does not attach to the fee interest in property held by the

---

[5] In *Chinosorn*, Judge Wedoff did not definitively decide the issue of whether a lien against the contingent future interests of the debtor gave rise to a judgment lien because he concluded that the answer made no difference to his ruling. Concluding that any such lien would not be avoidable, he concluded that the debtor's motion would be denied in either case—as unnecessary if there were no lien and as non-avoidable if there were a lien. In this case, however, the Court addresses the lien question because it is a pure question of law that has been fully briefed by the parties. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 986 (7th Cir. 2012) ("The issue was preserved in the district court, the parties have briefed it on appeal, and because it raises a purely legal question, it makes sense for us to address it here."). Further, the predicate issue of whether a lien on Jaffe's contingent future interests attached is helpful to an understanding of the question of whether that lien can be avoided pursuant to § 522(b) and (f).

married couple as tenants by the entirety. However, the resulting judgment lien would attach against any interest either spouse holds or might individually hold in the future.").

Jaffe maintains that a judgment lien does not attach to future contingent interests in property held by tenancy in the entirety. To support this contention, he offers no substantive argument but points principally to three cases in which bankruptcy courts permitted debtors who held property by tenancy in the entirety to avoid judgment liens on the property. *See In re Allard*, 196 B.R. 402 (Bankr. N.D. Ill. 1996); *In re Mukhi*, 246 B.R. 859 (Bankr. N.D. Ill. 2000); and *In re Moreno*, 352 B.R. 455 (Bankr. N.D. Ill. 2006). None of these cases, however, held that a judgment lien does not attach to future contingent interests of tenants by the entirety, much less offers any rationale to reject that proposition.[6] As such, they provide no analytical support for Jaffe's position.[7] Indeed, Judge Schmetterer, who authored both *Mukhi* and *Moreno,* also authored *Yotis,* an opinion that unequivocally endorsed the view that a judgment lien attaches to the contingent future property interests of tenants by the entirety, and in that opinion observed that *Mukhi* held "that at the very least, a lien arose against the debtor's contingent future interest." *In re Yotis*, 518 B.R. at 488.

Concluding that Williams' judgment gave rise to a lien against Jaffe's contingent future interests in the property brings us to the second question presented by this appeal: whether those contingent future interests are exempt under § 522(b)(3)(B) and § 12-112, and therefore avoidable under § 511(f). This question can, in the Court's view, be answered by straightforward application of the text of § 522(b)(3)(B).

---

[6] Jaffe asserts that these cases are "better reasoned" than those holding that a lien attached to his contingent future interests, but fails to explain why.

[7] Of course, even if these cases had held that no lien attaches to the contingent future interests of tenants by the entirety, they would not bind this Court.

7

Section 522(b)(3)(B) applies, as relevant here, to "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety … to the extent that such interest as a tenant by the entirety … is exempt from process under applicable nonbankruptcy law." Unpacking this provision, § 522(b)(3)(B) exempts:

(i) any interest in property;

(ii) in which the debtor had an interest as a tenant in the entirety;

(iii) at the time the bankruptcy petition was filed;

(iv) to the extent that state law exempts an interest as tenant in the entirety from legal process.

Applying these statutory criteria leads directly to the conclusion that Jaffe's contingent future interests in the property, like his interest as a tenant by the entirety, are exempt from bankruptcy administration. Immediately before the bankruptcy case was commenced by the filing of Jaffe's chapter 7 petition, Jaffe had "an interest as a tenant by the entirety" in the Highland Park property and, as discussed above, at that time he also had contingent future interests in that property. Jaffe thus had: (i) "an interest (*i.e.*, his contingent future interest) in property"; (ii) in which he had an interest as a tenant by the entirety [*i.e.*, the Highland Park property]; (iii) on the petition date; and (iv) that contingent future interest is therefore exempt "to the extent that such interest as a tenant by the entirety … is exempt from process under applicable nonbankruptcy law." As discussed above, there is no dispute that Jaffe's interest as a tenant by the entirety is exempt from process under § 12-112, and so Jaffe's contingent future interests were therefore exempt at petition filing to the same extent—that is, completely.

Relying on *Chinosorn* and *Yotis*, the bankruptcy court reached a contrary result, holding that § 12-112 "does not protect from execution the tenant's contingent future interests." Opinion, ECF No. 10-1, at 6. The bankruptcy court's opinion, however, did not parse the language of

8

§ 522(b)(3), focusing instead only on the state law exemption provided by § 12-112. With that narrow perspective, the bankruptcy court concluded that because § 12-112 exempts only property "held in tenancy by the entirety," the debtor's contingent future rights were not exempt under § 522(b)(3) and could not therefore be avoided pursuant to § 511(f). *See* Opinion at 6 ("Because a tenant's contingent future interests are not exempt under section 12-112, a judicial lien against them cannot be avoided."). *Yotis* and *Chinosorn* similarly glossed over the text of § 522(b)(3), interpreting the statute to say nothing more than that property held in tenancy by the entirety is exempt to the same extent that it is immune from process under state law. *See Yotis*, 518 B.R. at 489 ("§ 522(b)(2)(B) exempts entireties property 'to the extent' state law presently exempts that property from process"); *Chinosorn*, 243 B.R. at 700 ("§ 522(b)(2)(B) of the Bankruptcy Code allows a bankruptcy exemption for property held in tenancy by the entirety, "to the extent' that state law makes such property 'exempt from process'").[8] Williams' brief, which devotes all of three sentences to the question, follows suit. *See* Response, ECF No. 18, at 8

---

[8] *Yotis* relied heavily on the analysis in *Chinosorn*, which was in turn supported by two cases, *Arango v. Third Nat'l Bank (In re Arango)*, 992 F.2d 611 (6th Cir. 1993), and *Community Nat'l Bank & Trust Co. v. Persky (In re Persky)*, 893 F.2d 15 (2d Cir. 1989). Neither case, however, was based on analysis of whether a contingent future interest in property held in tenancy by the entirety was included within the exemption offered by § 522(b)(3). In *Arango*, the debtor did not argue that his right of survivorship was exempt; he argued he could avoid a lien against his survivorship interest because "his present possessory interest ***in entireties property***" was exempt. 992 F.2d at 614 (emphasis added). Consequently, the opinion does not discuss whether the survivorship right itself was exempt.

*Persky* is similarly irrelevant. In that case, the Second Circuit held that the property at issue, held in tenancy by the entirety, could be sold because—unlike Illinois—New York did not preclude the sale of tenancy interests as a matter of state law. *See In re Persky,* 893 F.2d at 19 (citing state law authorities to show that "the interest of a tenant by the entirety is not exempt from sale and enforcement by execution" under state law). The case does not address whether contingent future interests are exempt in states, like Illinois, where tenancy by the entirety interests are ***not*** exempt from forced sale.

(referring only to § 12-112 and omitting any reference to § 522(b)(3) in arguing that Jaffe's contingent future interests were not exempt).

Respectfully, and contrary to the implication of these summary restatements, § 12-112 does not stand alone. Bankruptcy exemptions are defined, in the first instance, by § 522 and the terms of that provision determine what state law—here, § 12-112—has to say about the degree of the property exemption. Section 12-112 tells us that the property included within the § 522(b)(3) is as exempt from sale as is the interest of a tenant by the entirety under state law. But it does not identify the property that is subject to that exemption.

The preceding elements of § 522(b)(3)—"any interest in property in which the debtor had … an interest as a tenant by the entirety"—do that. But in focusing only on § 12-112, the bankruptcy court effectively excised the first element—"any interest in property"—from the statute and consequently misconstrued § 522(b)(3). As did the *Chinosorn* and *Yotis* courts before it, the bankruptcy court read the bankruptcy exemption statute to extend only to "property in which the debtor had an interest as a tenant"; as construed by the bankruptcy court, § 522(b)(3) would read: "*Property in which the debtor had an interest as a tenant by the entirety is exempt to extent that such interest as a tenant by the entirety is exempt from process under applicable nonbankruptcy law.*" But that is not what the statute says; it expressly applies not only to the tenancy interest but also to "***any*** interest in property in which the debtor had … an interest as a tenant by the entirety." "Any interest in property" in which one of the interests is a tenancy interest plainly encompasses more than just the tenancy interest. Had Congress intended to provide an exemption in § 522(b)(3) only to interests in tenancies by the entirety, there would have been no need to refer to "any property interest" other than the interest of a tenant by the entirety; as construed by the bankruptcy court, the phrase "any interest in property" is nothing

10

but surplusage. "It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 49 (2001) ((internal quotation marks omitted). The bankruptcy court's interpretation of § 522(b)(3)(B) violates that foundational principle.

As written, the statute plainly includes within the exemption "*any*" interests in the property held in addition to an interest as tenant by the entirety, and so extends to the other interests Jaffe held in the Highland Park property, namely his contingent future interests. And read in its entirety (pun intended), the statute makes clear that *any* interest—including, therefore, a contingent future interest—in the property held in tenancy by the entirety is exempt "to the extent that such interest as a tenant by the entirety is exempt" under state law—that is, to the same extent that the tenancy by the entirety is exempt under state law.

In the context of this case, then, the statute provides that contingent future interests in property held in tenancy by the entirety are exempt from the bankruptcy estate to the same extent that the tenancy by the entirety is immune from forced sale under state law. Accordingly, the bankruptcy court should not have denied Jaffe's motion to avoid the lien on the basis that his contingent future interests in the Highland Park property were not exempt under § 522(b)(3).

\* \* \* \* \*

For the foregoing reasons, the bankruptcy court's order of June 7, 2017, is reversed and this proceeding is remanded for further proceedings consistent with this opinion.

Dated: May 22, 2018

_____
John J. Tharp, Jr.
United States District Judge