IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT N. JAFFE, | ) | |
| | ) | |
| Debtor-Appellant, | ) | No. 17 CV 4662 |
| | ) | Judge John J. Tharp, Jr. |
| v. | ) | |
| | ) | (Bankruptcy Case 15 BK 39490) |
| LAVERNE WILLIAMS, | ) | |
| | ) | (Adversary Proceeding 16 AP 156) |
| Creditor-Appellee. | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

This opinion addresses a motion for reconsideration by appellee Williams of this Court's May 22, 2018 ruling ("Opinion") that reversed a bankruptcy court order that denied the debtor's motion to avoid a creditor's judgment lien on property that the debtor held with his wife on the petition date in tenancy by the entirety. The Court held that, although Williams holds a lien on Jaffe's contingent future interests in the property, those interests are exempt from bankruptcy administration pursuant to § 522(b) to the same extent that Jaffe's interest in the property as a tenant by the entirety is exempt from process under state law and the lien was therefore avoidable under § 522(f). Familiarity with the Court's opinion is assumed; the reasoning will not be repeated here except as necessary to address Williams' specific arguments.

Williams takes issue with the Court's ruling that Jaffe's future contingent issues in the property are exempt, asserting that § 522(b)(3) "doesn't exempt *all* interest in property held as tenants by the entirety ("TBE"). Rather, it only exempts property held in TBE *if the pertinent state law says it is exempt.*" Motion, ECF No. 23, at 2 (emphasis in original). Williams maintains that the scope of the state law TBE exemption (735 ILCS 5/12-112) defines the scope of the bankruptcy exemption and that because the state exemption provides only that TBE property

cannot be sold to satisfy a judgment against only one of the tenants, it does not prevent creditors from recording a lien on the property and does not invalidate such a lien. *Id*. at 2-3.

Williams' motion fails for several reasons to persuade the Court to modify its judgment. First, to the extent that Williams' motion rests on the premise that the Court held that she did not have a judgment lien against Jaffe's future contingent interests in the property, it misapprehends the Court's ruling. The Court expressly concluded that "Williams' judgment gave rise to a lien against Jaffe's contingent future interests in the property." Opinion, ECF No. 20, at 7 (and see preceding discussion at 4-7). Nothing in the Court's ruling suggests that Williams' judgment did not give rise to a valid lien against all of Jaffe's interests in the property.

Next, in construing the scope of the exemption provided by § 522(b)(3), Williams does not address the Court's statutory analysis and resorts to paraphrasing the text in a manner that is not consistent with its actual meaning. It is simply incorrect to state, as Williams does, that § 522(b)(3) "only exempts property held in TBE if the pertinent state law says it is exempt." Rather, § 522(b)(3) defines the property that is exempt ("any interest in property in which the debtor had . . . an interest as a tenant by the entirety"); what § 12-112 defines is the scope of the exemption provided to that property. Specifically, that property is exempt "to the extent that" the debtor's TBE interest is exempt.

Williams' contention that § 12-112 does not invalidate her lien against Jaffe's future contingent interests because the state statute provides no "exemption" from bankruptcy administration but "merely prohibits a creditor from forcing the sale of the property" (Motion at 2-3) is a product of her flawed statutory interpretation, as it ignores the simple relationship between § 522(b)(3) and § 12-112: all interests in property held in tenancy by the entirety are exempt to the same extent that the tenancy by the entirety interest is exempt. And Williams

acknowledged in her appellate brief that "*[t]he protection provided by section 12-112 is considered an exemption for purposes of section 522(b)(3)(B)*." Response Br., ECF No. 18, at 4 (emphasis added). In other words, she has conceded that § 12-112 "exempts" Jaffe's TBE interest within the meaning of § 522(b)(3);[1] per force, she must also acknowledge that § 12-112 similarly exempts any additional property included within the scope of § 522(b)(3)—namely, Jaffe's future contingent interests in that property.

As the Court observed in its Opinion, Williams devoted only three sentences of her appellate brief to the question of whether Jaffe's future contingent interests in the property are exempt under § 522(b)(3). She now attempts to bolster that spare presentation by arguing, as the Court understands it, that the TBE exemption provides only temporary relief to debtors whereas an exemption for future contingent interests would be "exempt forever," a result that she maintains would be antithetical to the underlying purpose of the TBE estate. Supplement to Motion, ECF No. 27, at 5. It is not entirely clear why an exemption for future contingent interests would necessarily be permanent (see final paragraph below), but in any event, the plain text of the relevant statutes controls and Williams concedes that there is no case on point. *Id*. at 3 ("Admittedly, the Illinois courts haven't addressed this issue.").

Finally and relatedly, to the extent that Williams' is raising an argument about the duration of the exemption for Jaffe's future contingent interests, that question was not presented by this appeal—for the simple reason that the bankruptcy court ruled that Jaffe's future contingent interests were not exempt at all. This Court reversed that ruling, holding that Jaffe's future contingent interests in the property on the petition date are exempt under § 522(b)(3) to

---

[1] The bankruptcy court also noted in its opinion that Williams conceded that Jaffe's TBE interest was exempt as of the petition date and that her judgment lien could have been avoided as to that interest. Bankr. Order, ECF No. 10-1, at 3.

the same extent that his interest in the tenancy by the entirety is exempt. If there are other issues or questions that bear on the enforcement of Williams' lien, they were not presented and this Court's Opinion did not address them. Accordingly, they are left for further consideration by the bankruptcy court or other appropriate forum in the first instance.

\* \* \* \* \*

For the foregoing reasons, the appellee's motion for rehearing is denied.

Dated: July 25, 2018

John J. Tharp, Jr.
United States District Judge